## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**MOSSY MOTORS OF MISSISSIPPI, LLP and**
**NISSAN OF PICAYUNE, LLC**                                                    **PLAINTIFFS**

**VS.**                                                    **CIVIL ACTION NO. 1:20-CV-00251-LG-RPM**

**MAGUIRE IRON, INC. and**
**ADAM BULLINS d/b/a BULLINS ENTERPRISE**                              **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

### JURY TRIAL DEMANDED

Defendants, Maguire Iron, Inc. ("Maguire") and Adam Bullins d/b/a Bullins Enterprise ("Bullins") hereby file their Answer and Affirmative Defenses to the Amended Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants hereby reserve all other Rule 12(b) and 8(c) defenses, and as additional facts are obtained through the discovery process, Defendants will raise the appropriate Rule 12(b) and 8(b) defense(s) at that time.

### THIRD DEFENSE

Unless and until the specific members of the Mossy Motors of Picayune, LLP and Nissan of Picayune, LLC are fully and specifically identified, along with the identification of their citizenship, jurisdiction is not proper in this Court.

**FOURTH DEFENSE**

Without waiving these defenses, or any other defenses to which Defendants are entitled and subject to the foregoing and following Affirmative Defenses, and in answer to the specific allegations of the Amended Complaint, Defendants state:

**Parties**

1.

Defendants are without sufficient information so as to be able to admit or deny the allegations contained in Paragraph 1 and, therefore, deny the same.

2.

Defendants are without sufficient information so as to be able to admit or deny the allegations contained in Paragraph 2 and, therefore, deny the same.

3.

Admitted.

**Jurisdiction and Venue**

4.

Defendants admit that they are out of state entities.  Otherwise, Defendants are without sufficient information so as to be able to admit or deny the remaining allegations contained in Paragraph 4, and, therefore, deny the same.  Defendants would further state that the individual members of the LLC and LP should be fully identified so that Defendants and this Court may determine if jurisdiction is proper.

5.

Defendants admit that the acts complained of in this matter occurred in Mississippi, otherwise, denied as worded as Plaintiffs have yet to properly allege personal jurisdiction in this matter.

6.

Defendants admit that they conducted business in this district, otherwise, denied.

**<u>Background</u>**

7.

Upon information and belief, admitted.

8.

Upon information and belief, admitted.

9.

The allegations in Paragraph 9, to the extent they are in accord with the applicable contract identified therein, are admitted. Otherwise, denied.

10.

The allegations in Paragraph 10, to the extent they are in accord with the applicable contract identified therein, are admitted. Otherwise, denied.

11.

Defendants are without specific knowledge to be able to admit or deny the allegations contained in Paragraph 11, and thus, deny the same.

12.

Defendants admit that they took proper precautions to prevent damages to Plaintiffs' property, otherwise, denied as worded.

13.

Defendants admit that they took proper precautions to prevent damages to Plaintiffs' property, otherwise, denied as worded.

14.

Denied.

15.

Defendants admit that Plaintiffs made a complaint that there was material found on some of their vehicles, otherwise, denied as worded.

16.

Defendants are without sufficient knowledge so as to be able to admit or deny the allegations contained in Paragraph 16, and thus, deny the same.

17.

Defendants are without sufficient knowledge so as to be able to admit or deny the allegations contained in Paragraph 17, and thus, deny the same.

18.

Denied.

## Count One: Negligence

19.

The responses to the allegations in the foregoing paragraphs are incorporated herein as if fully restated.

20.

Paragraph 20 contains a statement of law and not an allegation of fact.  As such, no response is required from the Defendants.  To the extent that a response is deemed required, Defendants would state that, at all times relevant to the issues set forth in the Amended Complaint, they complied with the applicable standard of care, otherwise, denied.

21.

Defendants would state that, at all times relevant to the issues set forth in the Amended Complaint, they complied with the applicable standard of care, otherwise, the allegations contained in Paragraph 21 are denied as worded.

22.

Denied, including parts a through f.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Paragraph 26 contains a statement of law, not an allegation of fact, and thus, requires no response from these Defendants. To the extent that a response is required, Defendants admit that, at all times relevant to the issues set forth in the Amended Complaint, they complied with the applicable standards of care. Defendant further admits that Bullins was the subcontractor of Maguire. Otherwise, denied as worded.

## Count Two: Nuisance

27.

The responses to the allegations in the foregoing paragraphs are incorporated herein as if fully restated.

28.

Denied.

29.

Denied.

30.

Denied.

**Count Three: Strict Liability**

31.

The responses to the allegations in the foregoing paragraphs are incorporated herein as if fully restated.

32.

Denied.

33.

Denied.

**Count Four: Res Ipsa Loquitor**

34.

The responses to the allegations in the foregoing paragraphs are incorporated herein as if fully restated.

35.

Defendants admit that Bullins performed the welding and sandblasting activities at issue in the Amended Complaint but deny the remaining allegations in Paragraph 35.

36.

Denied.

37.

Defendants are without sufficient information so as to be able to admit or deny the allegations contained in Paragraph 37 and, therefore, deny the same.

38.

Denied.

**Jury Demand**

39.

Admitted.

**Conclusion and Prayer for Relief**

40.

Defendants deny the allegations in the last numbered Paragraph beginning "WHEREFORE" and further denies each and every allegation not specifically admitted herein.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants deny each and every allegation contained in Plaintiffs' Amended Complaint not specifically admitted herein and demand strict proof thereof.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead that the Plaintiffs' injuries and damages, if any, were caused by persons, parties, or entities over whom they exercise no authority, jurisdiction, control, or supervision, and for whom they are neither legally responsible nor liable, including, but not limited to acts of God.

**SEVENTH AFFIRMATIVE DEFENSE**

A proximate contributing cause of the subject accident and Plaintiffs' damages, if any, were the negligent acts of persons, parties, or entities other than Defendants, for which Defendants have no responsibility or liability.

**EIGHTH AFFIRMATIVE DEFENSE**

The sole proximate cause of the subject incident and Plaintiffs' damages, if any, was the negligence of Plaintiffs, either individually or collectively, for which Defendants have no responsibility or liability.

**NINTH AFFIRMATIVE DEFENSE**

A proximate contributing cause of the subject incident and Plaintiffs' damages, if any, was the negligence of Plaintiffs, either individually or collectively, for which Defendants have no responsibility or liability.

**TENTH AFFIRMATIVE DEFENSE**

Defendants assert that the Plaintiffs' damages, if any, were caused by intervening, superseding causes or actions of others for whom Defendants are not liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' recovery from Defendants, if any, should be limited by the allocation of fault principles codified by Miss. Code Ann. § 11-7-15 and § 85-5-7.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged injuries or damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At all times relevant, Defendants acted reasonably and prudently with regard to any duty or obligation of care owed to the Plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent sought in the Amended Complaint, Plaintiffs have failed to state a valid claim for which an award of attorneys' fees would be proper.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates Defendants' rights to procedural due process and equal protection of law, under the Fifth and Fourteenth Amendments to the United States Constitution, and under Section 14 of the Constitution of the State of Mississippi, and, therefore, fails to state an action upon which punitive damages can be awarded.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint, to the extent that it seeks punitive damages, violates Defendants' rights to substantive due process, as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and under Section Fourteen of the Constitution of the State of Mississippi, and, therefore, fails to state an action upon which punitive damages can be awarded.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint, to the extent that it seeks punitive damages, violates Defendants' rights to protection from excessive fines, as provided in the Eighth Amendment to the United States Constitution, and Section Twenty-Eight of the Constitution of the State of Mississippi, and, therefore, fails to state an action upon which punitive damages can be awarded.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent made, Plaintiffs' claim for punitive damages cannot be sustained because Mississippi law regarding the standards for determining liability for the amount of punitive damages fails to give Defendants prior adequate notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Section Fourteen of the Constitution of the State of Mississippi.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extend made, Plaintiffs' claim for punitive damages cannot be sustained because, under Mississippi law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to ensure that the award is rationally related to the state's legitimate goal of deterrence and retribution, which violates  Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Section Fourteen of the Constitution of the State of Mississippi.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent made, Plaintiffs' claim for punitive damages cannot be sustained because there is no allegation in the Amended Complaint against Defendants which demonstrates even remotely intentional or grossly negligent conduct, said conduct being a necessary pre-requisite to any award of punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants would show that the Plaintiffs' claims for punitive damages, to the extent made, do not conform with the standards set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW v. Gore*, 514 U.S. 559 (1996); and *MIC Life Ins. Co., et al. v. Hicks*, 1998-CT-01217-SCT, Mississippi Supreme Court (en banc) (July 25, 2002).  Defendants assert all rights and defenses prescribed in these cases and their progeny.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants plead the applicable provisions of Miss. Code Ann., Section 11-1-65 to the extent that the Plaintiffs allege a cause of action for punitive damages

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to file and present other and additional affirmative defenses after further discovery and/or investigation.

WHEREFORE, PREMISES CONSIDERED, Defendants, Maguire Iron, Inc. and Adam Bullins, d/b/a Bullins Enterprise, pray that Plaintiffs' Amended Complaint be dismissed with prejudice, at Plaintiffs' sole cost, and for any and all other relief to which Defendants may be entitled.

Respectfully submitted, this the 1st day of December, 2020.

<div style="margin-left: 40%;">

**MAGUIRE IRON, INC. AND**
**ADAM BULLINS D/B/A BULLINS**
**ENTERPRISE**

BY:    CARR ALLISON, Their Attorneys

BY:    *s/Nicole C. Huffman*
        DOUGLAS BAGWELL, MB #1682
        NICOLE C HUFFMAN, MB #101457

</div>

**CARR ALLISON**
Douglas Bagwell/MB#1682
Nicole C. Huffman/MB #101457
11319 26th Avenue
Gulfport, MS 39503
Phone: (228) 864-1060
Fax: (228) 864-9160
E-mail:  dbagwell@carrallison.com
E-mail:  nhuffman@carrallison.com

<div align="center">

**CERTIFICATE**

</div>

I, Nicole Huffman, of the firm of Carr Allison, do hereby certify that I have this day filed the

foregoing document with the Clerk of this Court, which delivered a copy through the ECF system to

the following counsel of record:

James G. Wyly, III
Drury S. Holland
Phelps Dunbar, LLP
2602 13th Street, Suite 300
Gulfport, MS 39501
Jim.wyly@phelps.com
Dru.holland@phelps.com

THIS, the 1st day of December, 2020.

<div style="margin-left: 40%;">

*s/Nicole C. Huffman*
NICOLE HUFFMAN, MB #101457

</div>